**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-02469 |
| | ) | Chapter 7 |
| ACTIVE ENDEAVORS, LLC, | ) | |
| | ) | Hon. Timothy A. Barnes |
| Debtor. | ) | |
| | ) | Hearing Date: August 19, 2014 |
| | ) | Hearing Time: 10:30 a.m. |

**COVER SHEET FOR FIRST AND FINAL APPLICATION FOR
COMPENSATION AND EXPENSE REIMBURSEMENT OF SEYFARTH SHAW LLP
AS COUNSEL TO CHAPTER 7 TRUSTEE, GUS A. PALOIAN**

Name of Applicant:    Seyfarth Shaw LLP

Authorized to Provide
Professional Services to:    Chapter 7 Trustee, Gus A. Paloian

Date of Retention:    September 22, 2008, effective as of August 12, 2008

Period for which Compensation
and Reimbursement is Sought:    August 12, 2008 through the close of the case

Amount of Final Compensation
Sought:    $4,914.00

Amount of Final Expense
Reimbursement Sought:    $     0.26

This is a:    X   Final    ____ Interim Application.

Prior Applications:  None

Dated: July 8, 2014                Respectfully submitted,

GUS A. PALOIAN, not individually or
personally, but solely in his capacity as the
Chapter 7 Trustee of the Debtor's Estate,

By:/s/ Gus A. Paloian
   Gus A. Paloian (06188186)
   James B. Sowka (6291998)
   SEYFARTH SHAW LLP
   131 South Dearborn Street
   Suite 2400
   Chicago, Illinois 60603
   Telephone:  (312) 460-5000
   Facsimile:  (312) 460-7000

15756452v.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Case No. 08-02469 |
| ) | Chapter 7 |
| ACTIVE ENDEAVORS, LLC, ) | |
| ) | Hon. Timothy A. Barnes |
| Debtor. ) | |
| ) | Hearing Date: August 19, 2014 |
| ) | Hearing Time: 10:30 a.m. |

**FIRST AND FINAL APPLICATION FOR COMPENSATION AND EXPENSE
REIMBURSEMENT OF SEYFARTH SHAW LLP AS COUNSEL
TO CHAPTER 7 TRUSTEE GUS A. PALOIAN
FROM AUGUST 12, 2008 THROUGH THE CLOSE OF THE CASE**

Pursuant to Sections 105(a) and 330 of the United States Bankruptcy Code, Seyfarth Shaw LLP ("Seyfarth"), as counsel to Gus A. Paloian, not individually or personally, but solely in his capacity as the duly-appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtor (the "Debtor"), hereby submits its First and Final Application for Compensation and Expense Reimbursement (the "Application") for legal services performed, and expenses incurred, during the period of August 12, 2008, through the close of the case (the "Application Period"). In support of this Application, Seyfarth respectfully represents, as follows:

**I. INTRODUCTION**

1.      Seyfarth makes this Application pursuant to: (A) Sections 330, 503(a) and (b), and 507(a)(2) of title 11 of the United States Code, 11 U.S.C. §§ 101 through 1330, as amended (the "Bankruptcy Code"); (B) Rule 2016 of the Federal Rules (the "Rules") of Bankruptcy Procedure; (C) certain applicable provisions of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, as adopted by the Office of the United States Trustee; (D) Rule 5082-1 of the Local Bankruptcy Rules (the "Local

15756452v.1

Rules") for the United States Bankruptcy Court for the Northern District of Illinois (the "Court"); (E) that certain Order of the Court, dated September 22, 2008, authorizing Seyfarth's retention as counsel to the Trustee effective retroactively as of August 12, 2008 (the "Seyfarth Retention Order"); and (F) other applicable case law discussed herein (collectively, the "Authorities for Relief"). In this regard, Seyfarth has made every reasonable effort to comply with the Authorities for Relief.

2.  In making this Application, Seyfarth respectfully seeks an Order of this Court awarding and authorizing payment from the Estate of final allowance of compensation in the amount of $4,914.00 (the "Fees") for professional services rendered by Seyfarth on behalf of the Trustee during the Application Period and for reimbursement of expenses in the amount of $0.26 (the "Expenses") for actual and necessary expenses incurred by Seyfarth in the performance of those services.

## II.  JURISDICTION

3.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue of this Case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(A), (M), and/or (O). The predicates for the relief requested herein are 11 U.S.C. §§ 105(a), 330, and 331.

### III.  BACKGROUND

#### A.  Case Background

4. On February 4, 2008, an involuntary petition under Chapter 11 of the United States Bankruptcy code 11 U.S.C. § 101 *et seq*., was filed against the Debtor. On March 12, 2008, an order for relief under Chapter 11 of the Bankruptcy Code was entered.

5. On August 12, 2008, the Court converted the case to one under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101 through 1330, as amended, thereby commencing the above-captioned case (the "Case").

6. Shortly thereafter, Gus A. Paloian was appointed as Chapter 7 Trustee for the Estate.

7. Seyfarth was employed as attorneys for the Trustee pursuant to the Seyfarth Retention Order. A copy of the Seyfarth Retention Order is attached hereto as **Exhibit 1.**

#### B.  Summary of Services Rendered by Seyfarth to the Trustee

8. This is Seyfarth's First and Final Application for compensation and expense reimbursement in the Case.

9. Seyfarth has neither previously received nor been awarded any compensation of fees, or reimbursement of expenses incurred, related to the Case during the Application Period.

10. In accordance with Section 504 of the Bankruptcy Code, Rule 2016, and the U.S. Trustee Guidelines, no payments have heretofore been made, promised to, or applied by Seyfarth for services rendered or to be rendered or expenses incurred in any capacity whatsoever in connection with the Case. Moreover, no agreement or understanding exists between Seyfarth and any other entity for a division of compensation or expense reimbursement to be received herein or in connection with the Case, other than as permitted under the Bankruptcy Code and Rules.

11. The Fees for time spent by Seyfarth for legal services rendered to the Trustee during the Application Period aggregate $30,562.00. A breakdown of this amount by each Seyfarth professional; each such professional's title, hourly rate, and total hours expended in providing legal services; and the value attributable to such legal services is, as follows:

| PROFESSIONAL | TITLE | HOURLY RATES | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Gus A. Paloian | Partner | $520.00 (2008) $540.00 (2009) | 3.60 | $1,938.00 |
| Sara E. Lorber | Sr. Associate | $405.00 (2009) | 19.30 | $7,654.50 |
| James B. Sowka | Sr. Associate | $310.00 (2009) $325.00 (2010) | 36.00 | $11,332.50 |
| Michael R. Pinkston | Associate | $280.00 (2009) | 2.60 | $728.00 |
| Jennifer M. McManus | Paralegal | $220.00 (2008) $230.00 (2009) $235.00 (2010) $255.00 (2012) $270.00 (2013) $285.00 (2014) | 31.80 | $7,440.50 |
| Nina Bouchard | Former Paralegal | $105.00 (2009) $110.00 (2010) | 8.90 | $1,028.50 |
| Julie Ziegler | Case Assistant | $90.00 (2013) | 6.20 | $558.00 |
| **TOTAL:** | | | **108.40** | **$30,562.00** |

The above-table indicates the respective discounted hourly rates of Seyfarth professionals during the Application Period as adjusted from time to time by Seyfarth pursuant to its normal and customary billing practices.

4

15756452v.1

12. Biographies for the attorneys listed above describing their qualifications and areas of expertise, are grouped and attached hereto as **Exhibit 2,** which is incorporated herein by reference.

13. During the Application Period, Seyfarth made every reasonable effort to have the services that it rendered to the Trustee performed by those qualified professionals charging the lowest hourly rates consistent with the level of service, experience, and efficiency required of a given task.

14. All of the Fees for which Seyfarth requests final allowance and payment of compensation relate to the Application Period and were rendered in connection with the Case and in the discharge of Seyfarth's professional responsibilities as counsel to the Trustee.

15. Seyfarth respectfully submits that its services to the Trustee during the Application Period have, in all respects, been reasonable, necessary, and beneficial to the Estate, as further discussed herein.

16. During the Application Period, Seyfarth has rendered 108.40 hours. All of the Fees for which Seyfarth requests allowance and payment of compensation relate to the Application Period. Copies of all such records for the Application Period are attached hereto as **Exhibit 3**.

17. The services rendered by Seyfarth on behalf of the Trustee primarily have been in connection with the liquidation of the Estate's property. For the Court's convenience, Seyfarth has separated the services in three categories below:

    A. **Case Administration:** Seyfarth represented the Trustee with respect to general case administration matters, including the preparation of the Trustee's Motion to Retain Counsel and the preparation of case status reports. In connection with the foregoing, Seyfarth

has expended 5.90 hours of services for which it requests compensation in the amount of $1,403.00;

A breakdown of the professional services in this category is as follows:

| PROFESSIONAL, TITLE AND LOCATION | 2008 HOURLY RATE | 2009 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Gus A. Paloian PARTNER | $520.00 | N/A | 0.30 | $156.00 |
| Jennifer M. McManus PARALEGAL | $220.00 | $230.00 | 5.60 | $1,247.00 |
| **TOTAL** | | | **5.90** | **$1,403.00** |

B. **Rule 2004 Motions and Document Production:**

18. During the Application Period, Seyfarth expended 23.20 hours, worth a value of $7,605.00, on behalf of the Trustee on matters of Rule 2004 motions and document production, including the preparation of Rule 2004 subpoena and motion, review of corporate documents produced to the Trustee and preparation for Section 2004 examinations of insiders.

A breakdown of the professional services in this category is as follows:

| PROFESSIONAL, TITLE AND LOCATION | 2009 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|
| Gus A. Paloian PARTNER | $540.00 | 1.40 | $756.00 |
| Sara E. Lorber SR. ASSOCIATE | $405.00 | 10.20 | $3,969.00 |
| James B. Sowka SR. ASSOCIATE | $310.00 | 6.40 | $1,984.00 |
| Jennifer M. McManus PARALEGAL | $230.00 | 2.80 | $ 644.00 |
| Nina Bouchard | $105.00 | 2.40 | $ 252.00 |

6

| PROFESSIONAL, TITLE AND LOCATION | 2009 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|
| FORMER PARALEGAL | | | |
| TOTAL | | 23.20 | $7,605.00 |

C. **Litigation/Adversary Proceedings**: During the Application Period, Seyfarth expended 69.00 hours, worth a value of $20,013.50, on behalf of the Trustee on matters of litigation/adversary proceedings. Seyfarth investigated potential preference claims, prepared demand letters and complaint to avoid and recover insider preference transfers. reviewed financial documents evidencing preference payments to insider, appeared in court for multiple status hearings and prepared a settlement agreement.

A breakdown of the professional services in this category is as follows:

| PROFESSIONAL, TITLE AND LOCATION | 2009 HOURLY RATE | 2010 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Gus A. Paloian PARTNER | $540.00 | N/A | 2.00 | $1,057.00 |
| James B. Sowka SR. ASSOCIATE | $310.00 | $325.00 | 29.50 | $9,317.50 |
| Michael R. Pinkston ASSOCIATE | $280.00 | N/A | 2.60 | $728.00 |
| Sara E. Lorber | $405.00 | N/A | 9.10 | $3,685.50 |
| Jennifer M. McManus PARALEGAL | $245.00 | $235.00 | 19.30 | $4,449.00 |
| Nina Bouchard FORMER PARALEGAL | $105.00 | $110.00 | 6.50 | $776.50 |
| TOTAL | | | 69.00 | $20,013.50 |

7

15756452v.1

D. **Claims Administration and Analysis:** Seyfarth expended 3.80 hours of services for reviewing, analyzing and resolving claims of the Estate, for which it requests compensation in the amount of $460.50.

A breakdown of the professional services in this category is as follows:

| PROFESSIONAL, TITLE AND LOCATION | 2012 HOURLY RATE | 2013 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Jennifer M. McManus PARALEGAL | $255.00 | $270.00 | .70 | $181.50 |
| Julie Ziegler CASE ASSISTANT | N/A | $90.00 | 3.10 | 279.00 |
| TOTAL | | | 3.80 | $460.50 |

E. **Fee Applications:** Seyfarth expended 6.00 hours preparing this First and Final Fee Application. Seyfarth requests compensation in the amount of $1,080.50 for fee application preparation.

A breakdown of the professional services in this category is as follows:

| PROFESSIONAL, TITLE AND LOCATION | 2010 HOURLY RATE | 2013 HOURLY RATE | 2014 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|---|
| Jennifer M. McManus PARALEGAL | $235.00 | $270.00 | $285.00 | 2.90 | $801.50 |
| Julie Ziegler CASE ASSISTANT | N/A | $90.00 | N/A | 3.10 | $279.00 |
| TOTAL | | | | 6.00 | $1,080.50 |

20. "Section 330(a) [ ] expressly contemplates compensation for preparation of fee applications." Smith v. Edwards & Hale, Ltd. (In re Smith), 317 F.3d 918, 927 (9th Cir. 2002),

8

15756452v.1

cert. denied sub nom. Smith v. Grimmett, 538 U.S. 1032, 123 S. Ct. 204, 155 L. Ed. 2d 1060 (2003); see 11 U.S.C. § 330(a)(6).

### C.   Reasonableness of Compensation Requested

21.   In accordance with 11 U.S.C. § 330(a)(1), Seyfarth seeks reasonable compensation for actual and necessary services provided to the Trustee. Such compensation is fair based upon the time, nature, extent and value of such services and the hours expended and the expertise provided. Seyfarth's efforts have resulted in tangible and substantial benefit to the Estate, as discussed *supra*.

22.   Seyfarth has kept its time in tenths of an hour, or six minute increments, to most accurately reflect the specific tasks performed.

23.   Seyfarth has, to the best of its ability, kept to a minimum the amount of time spent by its attorneys engaging in intra-office conferences and double-staffing hearings.

24.   Under the circumstances, the compensation requested by Seyfarth is fair and reasonable, and its allowance and payment, in full, is justified.

### IV.   STATEMENT OF APPLICANT PURSUANT TO 11 U.S.C. § 504 AND FED R. BANKR. P. 2016

25.   Other than as provided in 11 U.S.C. § 504(b), Seyfarth has not shared or agreed to share any compensation or expense reimbursement as a result of the Case with any person, firm or entity. No agreement or understanding exists between Seyfarth and any other person, firm or entity concerning the sharing of compensation or expense reimbursement received, or to be received, on account of the Case.

### V.   RELIEF REQUESTED

WHEREFORE Seyfarth respectfully requests that the Court enter an Order:

A.   Allowing Seyfarth final compensation in the total amount of $4,914.00;

    B.    Allowing Seyfarth reimbursement of expenses in the amount of $0.26; and

    C.    Granting such other and further relief as this Court deems proper.

Dated: July 8, 2014

Respectfully submitted,

GUS A. PALOIAN, not individually or personally, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,

By: /s/ Gus A. Paloian
    Gus A. Paloian (06188186)
    James B. Sowka (6291998)
    SEYFARTH SHAW LLP
    131 South Dearborn Street
    Suite 2400
    Chicago, Illinois 60603
    Telephone: (312) 460-5000
    Facsimile: (312) 460-7000